IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**KENNETH DAUGHERTY,**

        Plaintiff,

v.

**PRESIDIO NETWORKED SOLUTIONS GROUP, LLC,**

        Defendant.

No. 3:18-cv-00298-AC

OPINION AND ORDER

**MOSMAN, J.,**

On November 27, 2018, Magistrate Judge John V. Acosta issued his Findings and Recommendation (F&R) [19], recommending that Defendant's Motion to Dismiss [5] be GRANTED in part and DENIED in part. Plaintiff filed Objections to the F&R [23] and Defendant filed a Response to Objections [24].

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to

make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Plaintiff sues for wrongful termination, unpaid wages, commission, and stocks. The F&R recommends that I grant in part and deny in part Defendant's Motion to Dismiss Plaintiff's first, third, fourth, and fifth claims for relief. Specifically, it recommends that I grant the Motion to Dismiss claim three (wrongful discharge) but deny the Motion to Dismiss as to the remaining claims.

Defendant objects. It argues that while claim one rests on an alleged breach of the express terms of the Plan, claim four rests on alleged violations of Oregon common law—the doctrine of good faith and fair dealing. Defendant further argues that Judge Acosta improperly blended together his analysis of these two claims. Defendant's argument is that if one focuses on the express terms of the Plan, Plaintiff has failed to state a claim in claim one.

I disagree. The F&R properly focuses on the allegations in the Complaint in which there were allegations of failures to pay. Defendant's argument depends on some of these failures, involving commissions for example, being completely discretionary and therefore not violating any express contractual term. While it seems correct that non payment of completely discretionary payments may not violate any express contractual terms, it is not at all clear

whether the disputed non payments should be so categorized. More fundamentally, the Complaint adequately alleges otherwise.

## CONCLUSION

Upon review, I agree with Judge Acosta's recommendation and I ADOPT the F&R [19] as my own opinion. Defendant's Motion to Dismiss [5] is DENIED on claims one, four, and five, and GRANTED on claim three.

IT IS SO ORDERED.

DATED this 23 day of January, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge